**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FREDERICK BANKS, | )<br>) Case No. 2:16-cv-01152-APG-NJK<br>) |
| Plaintiff, | ) |
| vs. | ) |
| CYNTHIA REED EDDY, et al., | ) **ORDER AND**<br>) **REPORT AND**<br>) **RECOMMENDATION** |
| Defendants. | ) |

On May 19, 2016, Plaintiff filed an application to proceed *in forma pauperis*, as well as a complaint. Docket No. 1. On May 26, 2016, the Court denied Plaintiff's application. Docket No. 3. The Court noted that Plaintiff is currently incarcerated and prisoners seeking to proceed in a case *in forma pauperis* must submit an affidavit including a statement of all assets they possess, as well as a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint, obtained from the

appropriate official of each prison at which the prisoner is or was confined. *Id.* at 1. Plaintiff's application failed to include the financial affidavit, Financial Certificate, or required trust fund statement. *Id.* The Court also dismissed Plaintiff's complaint, with leave to amend, because it failed to comply with Federal Rule of Civil Procedure 8 and also failed to demonstrate that venue lies in the District of Nevada. *Id.* at 2.

On June 6, 2016, Plaintiff filed an amended application to proceed *in forma pauperis*, as well as an amended complaint. Docket No. 4. Again, Plaintiff failed to include the required trust fund statement. *Id.* On June 7, 2016, the Court again denied his application to proceed *in forma pauperis*. Docket No. 5. The Court also dismissed Plaintiff's amended complaint, with leave to amend, as it failed to comply with Federal Rule of Civil Procedure 8 and failed to demonstrate that venue lies in Nevada. *Id.* at 2. The Court gave Plaintiff one final opportunity to comply with its orders and warned that failure to do so would result in a recommendation of dismissal. *Id.*

On June 20, 2016, Plaintiff filed a motion asking United States District Judge Andrew P. Gordon to reconsider the undersigned's June 7, 2016 order. Docket No. 6. On October 14, 2016, Judge Gordon affirmed the June 7, 2016 order, and denied Plaintiff's motion for reconsideration. Docket No. 7. Judge Gordon also ordered Plaintiff to submit, no later than November 30, 2016, "a renewed application to proceed *in forma pauperis*, accompanied by a signed, completed financial certificate and a certified statement from his inmate trust account for the period he has been incarcerated at FCI Butner." *Id.* at 1. Judge Gordon further ordered that failure to comply with any portion of his order would result in dismissal of this action. *Id.* at 2.

On November 28, 2016, Plaintiff filed a renewed application to proceed *in forma pauperis* and a second amended complaint. Docket No. 8. In violation of Judge Gordon's order, the application fails to include a signed, completed financial certificate. *See* Docket No. 8. Further, Plaintiff's account statement does not appear to be properly certified. *See id.* at 3-4. Additionally, Plaintiff's amended complaint again fails to comply with Rule 8 and again fails to demonstrate that venue lies in the District of Nevada. *See* Docket No. 8-1.

**ORDER**

IT IS **ORDERED** that Plaintiff's renewed application to proceed *in forma pauperis*, Docket No. 8, is **DENIED**.

**RECOMMENDATION**

IT IS **RECOMMENDED** that the Court **DISMISS** this case without prejudice.

IT IS SO ORDERED.

Dated: December 2, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).